UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MITCHELL FLEMING, | ) |
|         Petitioner, | ) ) ) |
|     vs. | ) ) No. 1:16-cv-01981-WTL-DKL |
| SUPERINTENDENT, | ) ) ) |
|         Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Mitchell Fleming for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCF 16-04-0180. For the reasons explained in this Entry, Fleming's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On April 18, 2016, correctional officer Groce wrote a conduct report charging Fleming with (B-202) possession or use of a controlled substance. The conduct report states that the incident occurred on April 18, 2016 at approximately 9:30AM. The conduct report goes on to state:

> At the above date and approximate time, I Officer Groce began a shakedown of bunk 120 in C3 along with assistance from CM Page. I located a white packet underneath the offender's clothing inside his gray property box. The package contained a white powdered substance that was later tested and identified by Internal Affairs as 14.5 grams of cocaine. Offender was notified of conduct report and then escorted to segregation pending CAB. EOR

The conduct report was later amended to include a statement that offender's "[b]ehavior is not related to [mental health] symptoms." A photo of the cocaine, drug test, and evidence record was included with the conduct report.

On April 20, 2016, Fleming was notified of the charge of B-202 possession or use of a controlled substance. Fleming was notified of his rights and pleaded not guilty. He waived 24 hours' advance notice of the disciplinary hearing. Fleming requested a lay advocate, and an advocate was later appointed. He requested a witness—the offender in cell/bunk C3-121. The offender in cell/bunk C3-121, Earl Sherman, provided a witness statement: "I saw the shake down but have no clue what he had." An additional witness statement was provided by M. Page:

> On the above date, I CM Page was assisting CO Groce with a shake down of bunk C3-120. CO Groce located a white packet underneath clothing in the offender's property box. The content was a white powder substance which later tested positive for cocaine by IA. The amount equaled 14.5 grams of cocaine.

On April 21, 2016, a hearing was held in disciplinary case NCF 16-04-0180. Fleming pleaded not guilty and gave the following statement:

> I cleaned out my box on Monday, I put my property on my bed and went to CAB when I got back they were going through my box. Ms. Page was going through my box when I standing there. The Sgt. said they found it under my mat. All I had in my gray box was books, totes, papers, folders but no clothes. I don't know where it was found, I do have milk tubes and that is what if MH was consulted was found in but it was not mine.

The DHO relied on the staff report, the offender's statement, and the photo evidence in concluding that Fleming was guilty of possession or use of a controlled substance. Based on the seriousness, frequency, and nature of the offense, as well as the degree to which the violation disrupted/endangered the security of the facility, the DHO sanctioned Fleming with: disciplinary segregation (time served), 30 days' lost commissary and phone privileges, 90 days' lost earned credit time, and a demotion from credit class one to credit class two. The disciplinary hearing report was later amended to note that Fleming was already in credit class four, thus making his demotion in credit class moot. *See* Ind. Code § 35-50-6-3 (the lowest credit class for an offender convicted before July 1, 2014 is class four).

On April 21, 2016, Fleming filed his first level appeal with the head of the facility. Before receiving a reply from the facility, Fleming filed a second level appeal on May 2, 2016. The final reviewing authority denied the appeal because he thought that Fleming had not filed a first level appeal. Fleming filed a second level appeal explaining that the first level appeal response was delayed. After the facility head denied the first level appeal on June 10, 2016, the final reviewing authority also denied Fleming second level appeal on June 21, 2016.

### C. Analysis

Fleming challenges the disciplinary action against him arguing that the chain of evidence was broken, he was denied 24-hours' notice of the hearing, the hearing officer failed to properly consider the evidence, and he was denied exculpatory evidence. The respondent argues that Fleming did not exhaust his administrative remedies regarding his claims that the chain of

evidence was broken, that he was denied 24-hours' notice of the hearing, and that he was denied exculpatory evidence. The respondent further argues that the evidence was sufficient to sustain Fleming's disciplinary conviction.

### 1. Exhaustion of Administrative Remedies

The respondent first argues that Fleming failed to exhaust this state remedies on his claims regarding the chain of evidence, the notice of hearing, and the denial of exculpatory evidence before he brought this habeas petition. Under 28 U.S.C. § 2254(b)(1)(A), (c), a prisoner must exhaust his state administrative remedies before bringing a petition for habeas corpus, and failure to do so constitutes procedural default barring federal habeas relief. *Markham v. Clark*, 978 F.2d 993, 995–96 (7th Cir. 1992); *see* 28 U.S.C. § 2254(b)(1)(A), (c). Exhaustion requires that the prisoner present each claim he seeks to raise in his habeas petition at each level of the administrative appeals process. *Markham*, 978 F.2d at 995-96; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The prisoner must provide sufficient information to put a reasonable prison official on notice as to the nature of his claim, so that the prison officials are afforded an opportunity to correct any problems. *See Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Failure to exhaust a claim results in a procedural default that bars federal habeas relief. *Id.* at 981-82.

In his first level appeal, Fleming argued that the substance at issue could not have been found in his property box and that he is not guilty. In his second level appeal, Fleming argued that the substance at issue was powdered milk. In other words, in his facility appeals, Fleming challenged the sufficiency of the evidence. Because Fleming did not raise any of the other grounds for relief that he raises here, he is procedurally barred from raising those claims in his habeas petition. *Moffat*, 288 F.3d at 981–82. Fleming may only overcome procedural default by

showing cause and prejudice or that there was a fundamental miscarriage of justice. *Howard v. O'Sullivan*, 185 F.3d 721, 726 (7th Cir. 1999). Fleming presents no argument that anything prevented him from bringing these claims during the administrative appeals process. *See Barksdale v. Lane*, 957 F.2d 379, 385 (7th Cir. 1992) (cause is "some external objective factor, such as interference by officials or unavailability of the factual or legal basis for a claim, which impeded compliance with the state's procedural rule"). He has also shown no miscarriage of justice. Fleming therefore has not shown that he is entitled to relief on these claims.

### 2. Sufficiency of the evidence

The claim that Fleming has properly exhausted is the argument that the evidence against him was not sufficient to sustain the conviction. In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786. A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence, as long as the reporting officer describes the violation in sufficient detail. *McPherson,* 188 F.3d at 786.

The conduct report in this case stated that a white powdery substance was found in Fleming's property box and that the substance tested positive for cocaine. This is sufficient evidence to find Fleming guilty of possession of a controlled substance. This is true even if the property box was accessible to his cellmate. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (noting that if two offenders have access to the contraband, then 50% chance of possession is "some evidence," and holding that where the evidence shows that four offenders had access to contraband, the 25% chance of possession also constituted "some evidence" of guilt). Further, Fleming is not entitled to have independent testing of the substance. *See Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam) (holding that prison officials were not required to provide additional urinalysis by impartial laboratory to corroborate reports about prisoner's drug use). Even if Indiana Department of Corrections policy was violated by not having independent testing, such violation would not violate Fleming's due process rights. *See Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D.Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

In short, the evidence was sufficient to sustain Fleming's conviction for possession of a controlled substance and Fleming has failed to show otherwise.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Fleming to the relief he seeks. Accordingly, Fleming's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 3/24/17

Distribution:

MITCHELL  FLEMING
159576
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Andrea Elizabeth Rahman
OFFICE OF THE INDIANA ATTORNEY GENERAL
andrea.rahman@atg.in.gov